IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02400-MJW-KMT

DG REAL ESTATE, LLC, a Colorado limited liability company,

Plaintiff,

v.

TEXAS BRAND BANCSHARES, INC. d/b/a TEXAS BRAND BANK,
a Texas corporation;
COTFORD I, LTD., a Texas limited partnership;
M & D SERVICES, L.P., a Texas limited partnership;
M & D SERVICES, INC., a Texas corporation; and
J. CURTIS SANFORD, JR. a/k/a J.C. SANFORD, individually.

Defendants.

---

**ORDER REGARDING:**
**(1) DEFENDANT TEXAS BRAND BANK'S MOTION FOR SUMMARY JUDGMENT
BASED ON DOCTRINE OF RES JUDICATA [DOCKET NO. 84],**

**(2) DEFENDANT TEXAS BRAND BANCSHARES, INC., d/b/a TEXAS BRAND
BANK'S RENEWED MOTION TO DISMISS ALL CLAIMS ASSERTED AGAINST IT
PURSUANT TO FED. R. CIV. P. 12(B)(1) AND 12(B)(6) [DOCKET NO. 48],**

**AND**

**(3)  DEFENDANT TEXAS BRAND BANCSHARES, INC., d/b/a TEXAS BRAND
BANK'S MOTION TO DISMISS SECOND AMENDED COMPLAINT PURSUANT TO
FED. R. CIV. P. 12(B)(1) AND 12(B)(6) [DOCKET NO. 72]**

---

**MICHAEL J. WATANABE**
**United States Magistrate Judge**

This matter was before the court for hearing on (1) Defendant Texas Brand

Bank's Motion for Summary Judgment Based on Doctrine of Res Judicata [docket no.

84], (2) Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank's Renewed

2

Motion to Dismiss All Claims Asserted Against It Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket no. 48], and Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket no. 72].  The court has reviewed the subject motions [docket nos. 84, 48, and 72], the responses [docket nos. 62, 75, 85, and 99], and the replies [docket nos. 68, 76, and 86].  In addition, the court has taken judicial notice of the court's file, the Texas Rules of Civil Procedure, the Texas Rules of Appellate Procedure, and the Pueblo County, Colorado, District Court Case No. 10-cv-1369.  The court has considered applicable Federal Rules of Civil Procedure and case law.  The court now being fully informed makes the following findings of fact, conclusions of law, and Order.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

The court finds:

1.    That I have jurisdiction over the subject matter and over the parties to this lawsuit;

2.    That venue is proper in the state and District of Colorado;

3.    That each party has been given a fair and adequate opportunity to be heard;

4.    That this lawsuit involves Plaintiff D.G. Real Estate, LLC's (hereinafter "Plaintiff") attempt to draw on an alleged letter of credit issued by Defendant Texas Brand Bancshares, Inc. d/b/a Texas Brand Bank ("hereinafter Defendant") for the account of Co-Defendant, Cotford I, Ltd. ("hereinafter Cotford").  Plaintiff brings

3

claims in the Second Amended Complaint [docket no. 71] for (a) breach of express contract, (b) negligence, (c) false representations, (d) fraud - nondisclosure or concealment, (e) promissory estoppel, and (f) civil conspiracy.

In the Second Amended Complaint [docket no. 71], Plaintiff alleges that in 2008, Plaintiff purchased from Cotford a 1.46-acre tract of vacant real property located in Lamar, Colorado (hereinafter "Property").  Thereafter Plaintiff constructed improvements on the Property.  These improvements were then leased by Plaintiff to Cotford.  Plaintiff further alleges that Defendant issued an irrevocable letter of credit for the account of Cotford to Plaintiff. Cotford failed to make payments on the lease, and Plaintiff subsequently attempted to draw on the alleged letter of credit. Defendant denied Plaintiff's attempts to draw on the alleged letter of credit.  See Second Amended Complaint [docket no. 71] at ¶¶ 17,19, 20, 24, 32, and 33;

5.    That on August 25, 2010, Plaintiff filed this lawsuit against Defendant and Co-Defendant Cotford in the District Court for Pueblo County, Colorado, under case no. 10-cv-01369;

6.    That on October 1, 2010, the Pueblo County District Court case was removed to the United States District Court for the District of Colorado.  See docket nos.1 and 84-2;

4

7.     That on August 26, 2010, Defendant filed a lawsuit ("hereinafter Texas Case") against Plaintiff in the 298th District Court, Dallas County, Texas.  See Affidavit of Joe Chumlea at ¶20.  It should be noted that the parties are switched in the two cases.  In the case at bar, the Plaintiff is DG Real Estate, LLC, a Colorado limited liability company, and Defendant is Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank, a Texas corporation.  In the Texas Case, the Plaintiff is Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank, a Texas corporation, and the Defendant is DG Real Estate, LLC, a Colorado limited liability company;

8.     That Plaintiff has admitted in the Texas Case that both cases (i.e., the Texas Case and the case at bar) are based on the same set of facts and circumstances.  See Affidavit of Joe Chumlea [docket no. 84-1] at ¶4;

9.     That Plaintiff did not seek to stay the Texas Case even though it was filed one day after the case at bar.  Plaintiff did not, but could have, filed counterclaims in the Texas Case for (a) breach of express contract, (b) negligence, (c) false representations, (d) fraud - nondisclosure or concealment, (e)  promissory estoppel, and (f) civil conspiracy.  See docket no. 102-1;

10.    That on August 31, 2011, the Texas District Court entered a written Order Granting Plaintiff's Motion for Summary Judgment and Final Judgment.  See Texas Court Case Summary Sheet [docket no. 84-

4] and Affidavit of Joe Chumlea [docket no. 84-1] at ¶16;

11.    That the Texas District Court's Order [docket no. 84-4 at 6-7]

issued by Judge Emily Tobolowsky states, *in pertinent part:*

> **IT IS, THEREFORE, ORDERED** that Texas Brand Bank's Motion for Summary Judgment is granted.  In this regard, the Court makes the following declaratory relief under Chapter 37, Texas Civil Practice & Remedies Code:
>
> 1.    Defendant has failed to provide Texas Brand Bank with an original Letter of Credit issued by Texas Brand Bank which names Defendant as a beneficiary under the Letter of Credit; and
>
> 2.    Texas Brand Bank is not required to honor the purported Letter of Credit in this case until such time as it is provided with the **original instrument**, and the genuineness and authenticity of said instrument can be verified by Texas Brand Bank;

12.    That the Texas District Court Order on Summary Judgment [docket no. 84-4] was not appealed by Plaintiff even though Plaintiff argued to the Texas Court in its Answer (docket no. 102-1) filed in the Texas Case that the Texas Court did not have jurisdiction over Plaintiff.  The Texas District Court Order on Summary Judgment [docket no. 84-4 at 6-7] is a final non-appealable Order of the Texas Court.  See Joe Chumlea Affidavit (docket no. 84-1) at ¶¶ 9 - 12, William Duvall Affidavit [docket no. 85-1] at ¶ 7, and Texas Court Case Summary Sheet [docket no. 84-4];

13.    That Rule 12(b)(1) of the Federal Rules of Civil Procedure:

> empowers a court to dismiss a Complaint for "lack of jurisdiction over the subject matter." Fed. R. Civ. P. 12(b)(1).  As courts of limited

6

jurisdiction, federal courts may only adjudicate cases that the Constitution and Congress have granted them authority to hear. *See* U.S. CONST. art. III, § 2; *Morris v. City of Hobart*, 39 F.3d 1105, 1110 (10th Cir. 1994). Statutes conferring jurisdiction on federal courts are to be strictly construed. *See F & S Constr. Co. v. Jensen*, 337 F.2d 160, 161 (10th Cir. 1964). A Rule 12(b)(1) motion to dismiss "must be determined from the allegations of fact in the complaint, without regard to mere conclusionary allegations of jurisdiction." *Groundhog v. Keeler*, 442 F.2d 674, 677 (10th Cir. 1971). The burden of establishing subject matter jurisdiction is on the party asserting jurisdiction. *See Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974).

Motions to dismiss pursuant to Rule 12(b)(1) may take two forms. First, if a party attacks the facial sufficiency of the complaint, the court must accept the allegations of the complaint as true. *See Holt v. United States*, 46 F.3d 1000, 1002-03 (10th Cir. 1995). Second, if a party attacks the factual assertions regarding subject matter jurisdiction through affidavits and other documents, the court may make its own findings of fact. *See id.* at 1003. A court's consideration of evidence outside the pleadings will not convert the the motion to dismiss to a motion for summary judgment under Rule 56. *See id.*

Cherry Creek Card & Party Shop, Inc. v. Hallmark Marketing Corp., 176 F. Supp. 2d 1091, 1094-95 (D. Colo. 2001).

14.    That under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A motion to dismiss pursuant to Rule 12(b)(6) alleges that the complaint fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "A complaint must

be dismissed pursuant to Fed. R. Civ. P. 12(b)(6) if it does not plead 'enough facts to state a claim to relief that is plausible on its face.'" Cutter v. RailAmerica, Inc., 2008 WL 163016, at *2 (D. Colo. Jan. 15, 2008) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570, 127 S. Ct. 1955, 1974 (2007)).  "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do . . . ." Twombly, 550 U.S. at 555 (citations omitted).  "Factual allegations must be enough to raise a right to relief above the speculative level."  Id.  "[A] plaintiff must 'nudge [] [his] claims across the line from conceivable to plausible' in order to survive a motion to dismiss. . . .  Thus, the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007) (quoting Twombly, 127 S. Ct. at 1974).

The Tenth Circuit Court of Appeals has held "that plausibility refers 'to the scope of the allegations in a complaint: if they are so general

that they encompass a wide swath of conduct, much of it innocent, then the plaintiffs 'have not nudged their claims across the line from conceivable to plausible.'" Khalik v. United Air Lines, – F.3d –, 2012 WL 364058, at *2 (10th Cir. Feb. 6, 2012).  The Circuit court has further "noted that '[t]he nature and specificity of the allegations required to state a plausible claim will vary based on context.'" Id.  The court thus "concluded the *Twombly/Iqbal* standard is 'a wide middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do.'" Id.

For purposes of a motion to dismiss pursuant to Rule 12(b)(6), the court must accept all well-pled factual allegations in the complaint as true and resolve all reasonable inferences in the plaintiff's favor. Morse v. Regents of the Univ. of Colo., 154 F.3d 1124, 1126-27 (10th Cir. 1998); Seamons v. Snow, 84 F.3d 1226, 1231-32 (10th Cir. 1996).  However, "when legal conclusions are involved in the complaint 'the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to [those] conclusions' . . . ." Khalik, supra at *2 (quoting Iqbal, 129 S. Ct. at 1949)).  "Accordingly, in examining a complaint

under Rule 12(b)(6), [the court] will disregard conclusory
statements and look only to whether the remaining, factual
allegations plausibly suggest the defendant is liable."  Id.;

15.   That Rule 56(a) provides that summary judgment shall be granted
"if the movant shows that there is no genuine dispute as to any
material fact and the movant is entitled to judgment as a matter of
law."  Fed. R. Civ. P. 56(a).  "A party seeking summary judgment
bears the initial responsibility of informing the district court of the
basis for its motion, and identifying those portions of the pleadings,
depositions, interrogatories, and admissions on file together with
affidavits, if any, which it believes demonstrate the absence of
genuine issues for trial."  Robertson v. Board of County Comm'rs of
the County of Morgan, 78 F. Supp.2d 1142, 1146 (D. Colo. 1999)
(citing Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986); Mares v.
ConAgra Poultry Co., 971 F.2d 492, 494 (10th Cir. 1992)).  "Once a
properly supported summary judgment motion is made, the
opposing party may not rest on the allegations contained in the
complaint, but must respond with specific facts showing the
existence of a genuine factual issue to be tried. . . .  These facts
may be shown 'by any of the kinds of evidentiary materials listed in
Rule 56(c), except the mere pleadings by themselves.'"  Southway
v. Central Bank of Nigeria, 149 F. Supp.2d 1268, 1273 (D. Colo.
2001), aff'd, 328 F.3d 1267 (10th Cir. 2003).  However, "[i]n order to

10

survive summary judgment, the content of the evidence that the nonmoving party points to must be *admissible*. . . .  The nonmoving party does not have to produce evidence in a form that would be admissible at trial, but '"the content or substance of the evidence must be admissible."' . . .  Hearsay testimony that would be inadmissible at trial cannot be used to defeat a motion for summary judgment because 'a third party's description of a witness' supposed testimony is "not suitable grist for the summary judgment mill."'" Adams v. American Guarantee & Liability Ins. Co., 233 F.3d 1242, 1246 (10th Cir. 2000).

"Summary judgment is also appropriate when the court concludes that no reasonable juror could find for the non-moving party based on the evidence presented in the motion and response." Southway, 149 F. Supp.2d at 1273.  "The operative inquiry is whether, based on all documents submitted, reasonable jurors could find by a preponderance of the evidence that the plaintiff is entitled to a verdict. . . .  Unsupported allegations without 'any significant probative evidence tending to support the complaint' are insufficient . . . as are conclusory assertions that factual disputes exist." Id.; Robertson, 78 F. Supp.2d at 1146 (citing Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); quoting White v. York Int'l Corp., 45 F.3d 357, 360 (10th Cir. 1995)).  "Evidence presented

must be based on more than 'mere speculation, conjecture, or surmise' to defeat a motion for summary judgment." <u>Southway</u>, 149 F. Supp.2d at 1274. "Summary judgment should not enter if, viewing the evidence in a light most favorable to the non-moving party and drawing all reasonable inferences in that party's favor, a reasonable jury could return a verdict for that party." <u>Id.</u> at 1273;

16. That "[r]es judicata is intended to relieve parties of the cost and vexation of multiple lawsuits, conserve judicial resources, prevent inconsistent decisions, and encourage reliance on adjudication." <u>Satsky v. Paramount Comms., Inc.</u>, 7 F.3d 1464, 1467 (10th Cir. 1993). "Res judicata, or claim preclusion, precludes a party or its privies from relitigating issues that were or could have been raised in an earlier action, provided that the earlier action proceeded to a final judgment on the merits." <u>King v. Union Oil Co. of Calif.</u>, 117 F.3d 443, 445 (10th Cir. 1997). "A claim is barred by claim preclusion if four elements are met: (1) a final judgment on the merits in a prior suit; (2) the prior suit involved the same parties or their privies; (3) identity of the cause of action in both suits; and (4) a full and fair opportunity to litigate the claim in the prior suit." <u>Wallin v. Dycus</u>, 2010 WL 924232, at *6 (D. Colo. Mar. 10, 2010) (citing <u>Plotner v. At&T Corp.</u>, 224 F.3d 1161, 1168 (10th Cir. 2000); <u>King</u>, 117 F.3d at 445; <u>Satsky</u>, 7 F.3d at 1467);

17. That "[c]laim preclusion bars not only the same claim, but also any

other claims that could have been raised in the prior suit." Id. at *8.
The Tenth Circuit Court of Appeals has adopted the "transactional
approach" in determining what constitute a cause of action for
preclusion purposes. Id. at *9. See Yapp v. Excel Corp., 186 F.3d
1222, 1227 (10th Cir. 1999); Petromanagement Corp. v. Acme-
Thomas Joint Venture, 835 F.2d 1329, 1335 (10th Cir. 1988).
Under this approach, the Tenth Circuit held that a contract is
generally to be considered a transaction, so that all claims of
contractual breach not brought in an original action would be
subject to res judicata, so long as the breaches antedated the
original action. May v. Parker-Abbott Transfer & Storage, Inc., 899
F.2d 1007, 1010 (10th Cir. 1990);

18.    That here, I find that the alleged breach of the alleged letter of
credit antedates both the case at bar and the Texas Case, and the
Texas District Court Order on Summary Judgment [docket no. 84-4]
resolved those facts and determined that Defendant is not liable to
Plaintiff for its presentment of the alleged letter of credit. Moreover,
to date, Plaintiff has not delivered an original letter of credit to this
court in opposition to the subject motion for summary judgment
[docket no. 84], nor has Plaintiff submitted the original letter of
credit to the Texas District Court;

19.    That both cases (the Texas Case and the case at bar) involve the
same parties;

20.    That both cases arise out of the same alleged letter of credit and

Plaintiff's claim that Defendant was obligated to honor a draw on

that letter of credit;

21.    That a final and non-appealable judgment was entered in the Texas

Case [docket no. 84-4] on August 31, 2011; and

22.    That there are no genuine issues of material fact.  Defendant is

entitled to summary judgment on all of Plaintiff's claims in this case

based upon the doctrine of *res judicata* (claim preclusion), and this

court should give full faith and credit to the Texas Case judgment

[docket no. 84-4] consistent with The Full Faith and Credit Act, 28

U.S.C. § 1738, which requires the federal court to "give the same

preclusive effect to a state-court judgment as another court of that

State would give." Exxon Mobil Corp. v. Saudi Basic Indus., Corp.,

544 U.S. 280, 293 (2005) *(*citing Parsons Steel, Inc. v. First

Alabama Bank, 474 U.S. 518, 523 (1986)).

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law this

court **ORDERS**:

1.    That Defendant Texas Brand Bank's Motion for Summary

Judgment Base on Doctrine of Res Judicata [docket no. 84] is

**GRANTED**.  Judgment shall enter on all claims brought by Plaintiff

DG Real Estate, LLC, a Colorado limited liability company, in the

14

Second Amended Complaint (docket no. 71) in favor of Defendant

Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank, a Texas

corporation, and against Plaintiff DG Real Estate, LLC, a Colorado

limited liability company;

2.      That Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand

Bank's Renewed Motion to Dismiss All Claims Asserted Against It

Pursuant to Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket no. 48] is

**DENIED as MOOT** based upon this court's ruling on docket no. 84

above;

3.      That Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand

Bank's Motion to Dismiss Second Amended Complaint Pursuant to

Fed. R. Civ. P. 12(b)(1) and 12(b)(6) [docket no. 72] is **DENIED as**

**MOOT** based upon this court's ruling on docket no. 84 above; and

4.      That Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand

Bank, a Texas corporation, is awarded costs to be taxed by the

Clerk of Court.

Done this 2nd day of March, 2012.

BY THE COURT

s/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE