IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 10-cv-02400-MJW-KMT

DG REAL ESTATE, LLC, a Colorado limited liability company,

Plaintiff,

v.

TEXAS BRAND BANCSHARES, INC. d/b/a TEXAS BRAND BANK, a Texas corporation; COTFORD I, LTD., a Texas limited partnership;
M & D SERVICES, L.P., a Texas limited partnership;
M & D SERVICES, INC., a Texas corporation; and
J. CURTIS SANFORD, JR. a/k/a J.C. SANFORD, individually.

Defendants.

---

## ORDER REGARDING
## ORDER TO SHOW CAUSE (DOCKET NO. 104)
## AND
## ORDER FOR JUDGMENT

---

**Entered by Magistrate Judge Michael J. Watanabe**

This matter was before the court for Show Cause Hearing on April 12, 2012, based upon this court's Order to Show Cause (docket no. 104).  The court has considered the Plaintiff's Response to Order to Show Cause (docket no. 106) and the Non-Bank Defendants' Reply to Plaintiff's Response to Order to Show Cause (docket no. 108).  The "Non-Bank Defendants" include all Defendants named in the Second Amended Complaint (docket no. 71) except for Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank.  In addition, the court has taken judicial notice of the court's file and has taken judicial notice of Texas state law pursuant to Fed. R. Evid. 201.  Lastly, the court has considered oral arguments by the parties.  The court now

being fully informed makes the following findings of fact, conclusions of law, and order.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

This court finds:

1. That on March 2, 2012, I entered my Order Regarding: (1) Defendant Texas Brand Bank's Motion for Summary Judgment Based on Doctrine of Res Judicata [docket no. 84]; (2) Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank's Renewed Motion to Dismiss All Claims Asserted Against It Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) [docket no. 48]; and Defendant Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank's Motion to Dismiss Second Amended Complaint Pursuant to Fed. R. Civ. P. 12(B)(1) and 12(B)(6) [docket no. 72]. See docket no. 103. I incorporate by reference my findings of fact and conclusions of law outlined in docket no. 103 into this Order;

2. That in the Second Amended Complaint [operative pleading] (docket no. 71), Plaintiff has brought the following claims against the Non-Bank Defendants:

   • In the first claim for relief, Plaintiff has plead breach of contract against Defendant Cotford I, Ltd.;

   • In the second claim for relief, Plaintiff has plead breach of implied contract against Defendant Cotford I, Ltd.;

   • In the fifth claim for relief, Plaintiff has plead fraud - false representation against Defendants Sanford and Texas Brand

3

Bank;

- In the seventh claim for relief, Plaintiff has plead fraud - nondisclosure or concealment against Defendants Sanford and Texas Brand Bank;
- In the eighth claim for relief, Plaintiff has plead civil conspiracy against all Defendants.

3. That in the Texas Case, Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank was the plaintiff, and DG Real Estate, LLC, was the defendant. The parties are flipped in the case at bar. There were no other parties added to the Texas Case by either Texas Brand Bancshares, Inc., d/b/a Texas Brand Bank, or by DG Real Estate, LLC, even though either one of these two parties could have moved to add the Non-Bank Defendants under Rule 39(a) of the Texas Rules of Civil Procedure. It should be noted that the Texas Case was filed **after** the case at bar. See ¶¶ 5, 6, 7, 8, and 9 in my Order (docket no. 103);

4. That Plaintiff knew that the Non-Bank Defendants were necessary parties to this action when the Texas Case was filed. See Plaintiff's original complaint (docket no. 2) filed on August 25, 2010, in the Pueblo County District Court Case No. 10-cv-001369 and Plaintiff's Second Amended Complaint [operative pleading] (docket no. 71). Plaintiff was required to join the Non-Bank Defendants in the Texas Case pursuant to Rule 39(a)(2)(i)(ii) Texas R. Civ. P., noting that

4

the Non-Bank Defendants were either residents or entities formed under the laws of the State of Texas and were doing business in Texas at all times relevant to the case at bar and therefore subject to service of process.  Further, the Non-Bank Defendants claimed an interest in the subject matter of the Texas Case and Plaintiff, by not joining the Non-Bank Defendants to the Texas Case, impaired their ability to protect such interest and also subjected the Non-Bank Defendants to substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of such claimed interest;

5. That Rule 39(a) of the Texas Rules of Civil Procedure is the functional equivalent to Fed. R. Civ. P. 19(a)(1) and requires parties to be joined in a pending civil action when ever feasible.  Rule 39(a) Tex. R. Civ. P. states as follows:

> (a) Persons to Be Joined if Feasible.  A person who is subject to service of process **shall** be joined as a party in the action if  (1) in his absence complete relief cannot be accorded among those already parties, or (2) he claims an interest relating to the subject of the action and is so situated that the disposition of the action in his absence may (i) as a practical matter impair or impede his ability to protect that interest or (ii) leave any of the persons already parties subject to

5

> a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of his claimed interest. If he has not been so joined, the court shall order that he be made a party. If he should join as a plaintiff but refuses to do so, he may be made a defendant, or, in a proper case, an involuntary plaintiff.

6. That the Texas District Court Order on Summary Judgment [docket no. 84-4 at 6-7] was not appealed by Plaintiff even though Plaintiff argued to the Texas Court in its Answer (docket no. 102-1) filed in the Texas Case that the Texas Court did not have jurisdiction over Plaintiff. The Texas District Court Order on Summary Judgment [docket no. 84-4 at 6-7] is a final non-appealable Order of the Texas Court. See Joe Chumlea Affidavit (docket no. 84-1) at ¶¶ 9 - 12, William Duvall Affidavit [docket no. 85-1] at ¶ 7, and Texas Court Case Summary Sheet [docket no. 84-4 at 10-12]. See ¶ 12 in docket no. 103; and

7. That for the foregoing reasons, the Plaintiff's claims for relief listed above in paragraph 2 above against the Non-Bank Defendants shall be dismissed.

**ORDER**

**WHEREFORE**, based upon these findings of fact and conclusions of law, this

6

court **ORDERS**;

1. That the Order to Show Cause (docket no. 104) is made absolute. The Plaintiff's claims for relief listed in paragraph 2 above against the Non-Bank Defendants are dismissed with prejudice;

2. That Judgment shall enter, on Plaintiff's claims for relief listed in paragraph 2 above, in favor of the Non-Bank Defendants and against Plaintiff DG Real Estate, LLC;

3. That the Non-Bank Defendants are awarded costs against Plaintiff DG Real Estate, LLC, to be taxed by the Clerk of Court; and

4. That all future hearings set before this court are VACATED.

Done this 20th day of April, 2012.

BY THE COURT

S/Michael J. Watanabe
MICHAEL J. WATANABE
U.S. MAGISTRATE JUDGE